# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0380

WILLIAM H. HANLIN, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

ROBERT P. STONER II, INTERVENOR.

On Appeal from the Board of Veterans' Appeals

(Decided   September 23, 2005  )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

GREENE, *Chief Judge*: William H. Hanlin appeals, through counsel, a January 12, 2004, Board of Veterans' Appeals (Board) decision that denied his request, under 38 U.S.C. § 5904, for direct payment by VA of attorney fees based on the grant of "helpless child" status to Robert P. Stoner II (Intervenor), son of deceased veteran Robert P. Stoner, after VA had awarded dependency and indemnity compensation (DIC) benefits to the veteran's widow, Lois Stoner, the Intervenor's mother.  Record (R.) at 1-10.  This appeal is timely and the Court has jurisdiction to review the Board's interpretation of the applicable law (38 U.S.C. § 5904; 38 C.F.R. § 20.609 (2005)) and its findings of fact.  38 U.S.C. §§ 7252(a) and 7266; *In the Matter of the Fee Agreement of Cox*, 10 Vet.App. 361, 372 (1997).  For the reasons that follow, the Board decision will be affirmed.

## I. FACTS

World War II veteran Robert P. Stoner served in the U.S. Army from 1944 to 1946. R. at 12. He died on March 19, 1990. R. at 21. In April 1990, his wife, Lois Stoner, filed with a VA regional office (RO) a claim for DIC. That claim was denied, and she appealed to the Board and eventually to the Court. R. at 24-29. In July 1991, she retained the law firm of Clark & James (the firm) to represent her before the Board and the Court and agreed that the firm would be paid 20% of any past-due VA benefits awarded to her or to her dependents by reason of her entitlement to benefits. R. at 31, 34. In October 1993, the Court remanded the matter to the Board for adjudication of her claim for DIC benefits under 38 U.S.C. § 1151. R. at 37-42. Mrs. Stoner executed another fee agreement with the firm that retained Mr. Hanlin, an associate attorney with the firm. R. at 44-45, 47, 49. The fee agreement stated in pertinent part: "I [,Mrs. Stoner,] hereby agree to pay an attorney's fee of [20%] of the past-due [v]eteran's benefits payable to me or to my dependents by reason of a determination of my being entitled to such benefits. . . . I specifically authorize the Secretary of Veterans Affairs to make direct payment of the attorney's fees to my attorney in the event of a favorable decision." R. at 49.

In August 1996, the Board awarded Mrs. Stoner DIC benefits after finding that Mr. Stoner died at a VA medical facility as a result of an injury incurred from medical treatment provided by VA. R. at 77-89. Pursuant to the parties' fee agreement, the RO withheld 20% ($10,959.53) from Mrs. Stoner's past-due benefits for attorney fees payable to Mr. Hanlin. R. at 135. After the Board decision, Mr. Hanlin notified Mrs. Stoner that he had been advised that her adult son, the Intervenor, would also be eligible for DIC benefits if he was disabled before age 18 and remained disabled. R. at 94. Mr. Hanlin advised Mrs. Stoner to contact the RO to apply for these additional benefits. *Id*.

In June 1997, the RO determined that the Intervenor was a "helpless child" under 38 U.S.C. § 1314 because he suffered from residuals of a seizure disorder and depression and awarded him $21,184 in past-due benefits from August 1, 1990, through 1996. R. at 111-13, 120. The RO withheld from the past-due benefits $5,296 (20%) for attorney fees pursuant to Mrs. Stoner's fee agreement with Mr. Hanlin. R. at 120. The Intervenor's sister, purportedly acting on the Intervenor's behalf, advised VA that the Intervenor objected to any withholding of his past-due benefits for payment to Mr. Hanlin. R. at 205-06. In February 2002, the RO determined that because there was

2

no fee agreement between Mr. Hanlin and the Intervenor and the Board had not issued a decision on that claim, direct payment of attorney fees under section 5904 could not be paid to Mr. Hanlin. R. at 214-18. Mr. Hanlin appealed to the Board. R. at 220-23.

In the January 12, 2004, decision here on appeal, the Board also denied Mr. Hanlin payment of attorney fees from the Intervenor's past-due benefits. The Board found that Mr. Hanlin's fee agreement with Mrs. Stoner, by its terms, "only authorizes payment of attorney's fees from past-due benefits payable to the surviving spouse based on her entitlement." R. at 17. The Board recognized that the agreement mentioned "my dependents" but further found that that provision specifically stated that payment from dependent benefits would be made if "based on *her* entitlement." R. at 9. (emphasis added). The Board concluded that although Mrs. Stoner had listed the Intervenor on her DIC application as "seriously disabled," she was not the claimant for helpless child benefits. R. at 10. Further, the Board determined that because the RO, not the Board, rendered a final nonadverse decision on the Intervenor's claim, Mr. Hanlin was not eligible under 38 U.S.C. § 5904(c)(1) for attorney fees. *Id*. He appealed to the Court.

On appeal, Mr. Hanlin contends that the Board misapplied 38 U.S.C. § 5904(d)(2)(A)(i), and thus the denial of a release of the 20% of the Intervenor's past-due benefits under the fee agreement with Mrs. Stoner was not in accordance with law. Appellant's Brief (Br.) at 5. He argues that the fee agreement entered into by Mrs. Stoner contemplated the payment of attorney fees from any past-due benefits awarded to her dependents and that the claim upon which he provided representation was for service connection for the veteran's death. *Id.* at 6-8. Mr. Hanlin maintains that the payment of past-due benefits to the Intervenor was based upon the claim made by Mrs. Stoner, and thus VA is required to pay Mr. Hanlin directly from any past-due benefits awarded on the basis of that claim. *Id*.

The Secretary argues that there is no fee agreement between the Intervenor and Mr. Hanlin. He maintains that the October 1993 agreement between Mr. Hanlin and Mrs. Stoner only authorizes payment of attorney fees from past-due benefits made payable to Mrs. Stoner based on her entitlement, and by its own terms it does not include payment for benefits obtained on behalf of a "child" over the age of 18. Secretary's Br. at 6. Moreover, he posits that, at the time of the October 1993 fee agreement, the Intervenor was 21 years of age and thus his entitlement was separate and distinct from Mrs. Stoner's entitlement. *Id.* Further, the Secretary asserts that the Court lacks

3

jurisdiction to review this matter because the RO, not the Board, awarded the Intervenor's claim and, therefore, there is no final Board decision to review. Br. at 7-8. In reply, Mr. Hanlin argues that the Intervenor's claim was implicit in Mrs. Stoner's application for DIC benefits, and thus attorney fees were payable from all past-due benefits payable to Mrs. Stoner or her dependents when the claim was awarded. Reply Br. at 8-9.

## II. APPLICABLE LAW

### A. DIC

Under 38 U.S.C. § 1310, "[w]hen any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Secretary shall pay [DIC benefits] to such veteran's surviving spouse, children, and parents." 38 U.S.C. § 1310(a); *see also* 38 C.F.R. § 3.312 (2005). DIC benefits are also available where a veteran suffers an injury as the result of VA treatment and that injury results in the veteran's death, as long as the death was not the result of willful misconduct by the veteran. 38 U.S.C. §§ 1151, 1310(a), 1311; *see also* 38 C.F.R. § 3.358 (2005). Under section 1151, an award of DIC is made for the "qualifying death" of a veteran "as if . . . such death were service connected." 38 U.S.C. § 1151(a); *see also* 38 C.F.R. § 3.358. DIC is paid to a surviving spouse pursuant to 38 U.S.C. § 1311, which states in pertinent part:

> (a)(1) [DIC] compensation shall be paid *to a surviving spouse* at the monthly rate of $967.
>     . . . .
>
> (b) If there is a surviving spouse with one or more children below the age of eighteen of a deceased veteran, the [DIC] compensation paid monthly *to the surviving spouse* shall be increased by $241 for each such child.
>     . . . .
>
> (e)(3) The increase in [DIC] compensation of a surviving spouse under this subsection shall cease beginning with the first month commencing after the month in which all children of the surviving spouse have attained the age of 18.

38 U.S.C. § 1311 (emphasis added).

Further, DIC is payable to a deceased veteran's "child" when there is no surviving spouse, or to an adult "child" when that child is determined to be helpless. *See* 38 U.S.C. §§ 1313, 1314. The term "helpless child" has evolved in the development of veterans law. *See Cumby v. West*,

12 Vet.App. 363 (1999); *Golliday v. Brown*, 7 Vet.App. 249, 251 (1994). In this case, the RO determined that the Intervenor is a helpless child. R. at 112-13. The meaning of "helpless child" includes an unmarried person who, "before attaining the age of [18] years, became permanently incapable of self-support." 38 U.S.C. § 101(4)(A)(ii); *see also* 38 C.F.R. §§ 3.57(a), 3.315(a) (2005). The VA implementing regulation, 38 C.F.R. § 3.356, also provides that a person may qualify as a "child" if he or she is "shown to be permanently incapable of self-support by reason of mental or physical defect at the date of attaining the age of 18 years." 38 C.F.R. § 3.356(a) (2005). The applicable statute for an award of DIC to a "helpless child" states in pertinent part:

> (b) If [DIC] is payable monthly to a person as a surviving spouse and there is a child (of such person's deceased spouse), who has attained the age of [18] and who, while under such age, became permanently incapable of self support, [DIC] shall be paid monthly *to each such child*, concurrently with the payment of [DIC] to the surviving spouse, in the amount of $410.

38 U.S.C. § 1314(b) (emphasis added); *see* 38 C.F.R. §§ 3.315, 3.356.

### B. Attorney Representation of VA Claimants

Section 5904(c), title 38, U.S. Code provides:

> [I]n connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the [Board] first makes a final decision in the case. Such a fee may be charged, allowed, or paid in the case of services provided after such date only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date. The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

38 U.S.C. § 5904(c)(1); *In the Matter of the Fee Agreement of Stanley*, 10 Vet.App. 104, 108 (1997) (upholding the Secretary's interpretation that the term "case" in section 5904(c)(1) involves only those issues decided by the Board); *In the Matter of the Fee Agreement of Smith*, 4 Vet.App. 487, 490 (1993), *vacated on other grounds sub nom. In re Wick*, 40 F.3d 367 (Fed. Cir. 1994); 38 C.F.R. § 20.609 (2005). A "case" for the purposes of section 5904(c) constitutes the issue or issues that comprise the discrete claim or claims that are the subject of the agency's decision; a "case" does not embrace any and all potential claims that might be brought by a veteran. *Matter of Stanley*, 10 Vet.App. at 107. Other claims brought by a veteran, not reasonably raised by the original claim, are regarded as separate claims. *Barrera v. Gober*, 122 F.3d 1030 (Fed. Cir. 1997); *Grantham v.*

5

*Brown*, 114 F.3d 1156 (1997); *In re Fee Agreement of J. Leventhal*, 9 Vet.App. 387 (1996) (holding that issues that arise after service connection is established are separate and distinct claims). Further, section 5904(c)(2) requires an attorney representing a claimant before the Board to file with the Board, in those instances where a fee is authorized by section 5904(c)(1), a copy of any fee agreement in connection with such representation. 38 U.S.C. § 5904(c)(2). The Board "may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable." *Id.* A finding or order of the Board, with respect to the fee, is reviewable by the Court under 38 U.S.C. § 7263(d).

### III. ANALYSIS

Mr. Hanlin argues that in this matter his representation of Mrs. Stoner in her claim for DIC benefits reasonably raised her adult son's claim for DIC as a helpless child. Reply Br. at 7-8. Therefore, Mr. Hanlin contends that once service connection was established, he was entitled to a 20% payment from any past-due benefits awarded to both claimants on the basis of that claim. Br. at 8-9. Mr. Hanlin argues that the Intervenor became eligible for DIC benefits as a result of his representation of Mrs. Stoner before the Court and Board, and that he is thus entitled to 20% of his past-due benefits because he successfully represented Mrs. Stoner in her claim under section 1151. Br. at 7.

Although Mr. Hanlin's successful representation of Mrs. Stoner had the result of qualifying the Intervenor for DIC benefits, those benefits for her helpless-adult son under section 1314 are separate and distinct from Mrs. Stoner's DIC benefits under section 1311. Indeed, Mrs. Stoner received additional compensation under 38 U.S.C. § 1311(b) for the period when the Intervenor was a minor child, and Mr. Hanlin received 20% of those past-due benefits. *See* R. at 135. Under section 1314, however, DIC benefits payable to a helpless child are "*paid monthly to each such child,*" not to the surviving spouse. *Compare* 38 U.S.C. § 1311 *with* 38 U.S.C. § 1314. In this case, the Intervenor, being over the age of 18, was awarded past-due benefits under section 1314. Thus, those benefits were *his* entitlement and not based upon Mrs. Stoner's section 1311 claim.

Further, Mr. Hanlin's entitlement to payment under section 5904 is predicated on the filing of a fee agreement with the Board. *See* 38 U.S.C. § 5904(c)(2). There is no evidence of record that Mr. Hanlin ever entered into any fee agreement with the Intervenor. R. at 1-252. Although the Intervenor ultimately may have benefitted from Mr. Hanlin's successful representation of Mrs.

Stoner, without a valid fee agreement between him and the Intervenor, VA is not authorized to pay Mr. Hanlin attorney fees from the Intervenor's past-due benefits. *See* 38 U.S.C. § 5904; 38 C.F.R. § 20.609. There is no evidence of record that Mr. Hanlin even assisted the Intervenor in the determination by the RO that he was entitled to "helpless child" status and, thus, section 1314 DIC benefits.

In addition, the RO awarded the Intervenor DIC benefits in May 1997, after the Board decision that awarded Mrs. Stoner DIC benefits. Because the Intervenor's "helpless child" claim was awarded as part of the nonadversarial system of VA claims processing and was never the subject of a final Board decision, attorney fees under section 5904 cannot be awarded. *See* 38 U.S.C. § 5904(c)(1); *In re Fee Agreement of Stanley*, 10 Vet.App. at 108 (upholding the Secretary's interpretation that the term "case" in section 5904(c)(1) involves only those issues decided by the Board). Therefore, the Board did not err in its determination that Mr. Hanlin is not entitled to direct payment by VA of 20% of the Intervenor's past-due DIC benefits pursuant to his fee agreement with Mrs. Stoner.

## IV. CONCLUSION

Based upon the foregoing analysis and the record on appeal, the Board's January 12, 2004, decision is AFFIRMED.