# United States Court of Appeals for the Federal Circuit

2006-7075

WILLIAM M. HANLIN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2006-7075

WILLIAM M. HANLIN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  January 26, 2007

_____

Before DYK and PROST, <u>Circuit Judges</u>, MCKINNEY, <u>Chief Judge</u>.[*]

PROST, <u>Circuit Judge</u>.

William M. Hanlin appeals a September 23, 2005 decision of the Court of Appeals for Veterans Claims that found him not entitled to attorney fees from past-due benefits awarded to the adult helpless child of a deceased veteran.  Because Mr. Hanlin did not have a fee agreement with the claimant for helpless child benefits as required by 38 U.S.C. § 5904, we affirm.

## BACKGROUND

### I.

Upon a veteran's death due to a service-connected or compensable disability,

_____

[*]  Honorable Larry J. McKinney, Chief Judge of the United States District Court for the Southern District of Indiana, sitting by designation.

dependency and indemnity compensation ("DIC") may be paid to the veteran's surviving spouse, children, and parents. 38 U.S.C. § 1310 (2006). The applicable statutes that provide benefits to children of a deceased veteran are different depending on whether the veteran leaves a surviving spouse.

If at any time while the deceased veteran's children are minors there is no surviving spouse, the children receive DIC as provided in § 1313. If such a child becomes "permanently incapable of self-support" before reaching majority, that child will receive enhanced benefits as provided in § 1314(a).

If a veteran does leave a surviving spouse, the DIC payable to the surviving spouse is provided by § 1311. The surviving spouse receives a fixed amount of benefits solely by virtue of being a surviving spouse, § 1311(a)(1), and receives an additional fixed monthly benefit so long as he or she has a minor child of the deceased veteran. Id. § 1311(b), (f)(3). In such situations, the child is not independently entitled to DIC—rather, the surviving spouse collects an additional benefit until all children reach majority. After the child of a surviving spouse reaches majority, however, that child may qualify for his or her own DIC under certain circumstances. In the provision pertinent in this appeal, benefits are payable to an adult child who becomes permanently incapable of self-support prior to reaching majority age. Id. § 1314(b). The provision states:

> If dependency and indemnity compensation is payable monthly to a person as a surviving spouse and there is a child (of such person's deceased spouse), who has attained the age of eighteen and who, while under such age, became permanently incapable of self-support, dependency and indemnity compensation shall be paid monthly to each such child, concurrently with the payment of dependency and indemnity compensation to the surviving spouse . . . .

Id. Such a child, known as a "helpless child" under the parlance of veteran's law, is entitled to his own DIC separate from any benefits paid to a surviving spouse.

II

After Robert P. Stoner's ("Mr. Stoner I") death at a veteran's hospital on March 19, 1990, his widow Lois Stoner applied to the Department of Veterans Affairs ("VA") for DIC. The VA denied the claim in July 1990, based on a finding that her husband's death was not a result of a service connected disability. In April 1991, the Board of Veterans' Appeals ("Board") affirmed the denial.

Subsequently, Mrs. Stoner retained the law firm of Clark & James to represent her in her appeal of the Board's denial to the Court of Appeals for Veterans Claims, executing a fee agreement dated July 31, 1991. With Mrs. Stoner represented by counsel, the Court of Appeals for Veterans Claims issued an opinion vacating and remanding to the Board to determine whether a service connection finding should have been made under 38 U.S.C. § 1151.[1] <u>Stoner v. Brown</u>, 5 Vet. App. 488 (Oct. 8, 1993).

Prior to further adjudication before the Board, on October 24, 1993, Mrs. Stoner signed another fee agreement specifically with Mr. Hanlin of the Clark & James law firm. This agreement included the provision:

> I hereby agree to pay an attorney's fee of twenty percent (20%) of the past-due Veteran's benefits payable to me or to my dependents by reason of a determination of my being entitled to such benefits.
> I specifically authorize the Secretary of Veterans Affairs to make direct payment of the attorney's fee to my attorney in the event of a favorable decision.

---

[1] This section provides that if a veteran dies as a result of hospitalization at a veteran's hospital, compensation shall be provided as if the death is service connected.

On August 14, 1996, the Board issued a decision on remand from the Court of Appeals for Veterans Claims, finding that Mr. Stoner I developed an additional disability because of treatment he received at the VA hospital and that this disability led to his death. Therefore the Board held that

> [e]ntitlement to benefits under 38 U.S.C. § 1151 for the cause of the veteran's death in a Department of Veterans Affairs medical facility, including dependency and indemnity compensation, is granted.

Based on the Board's grant of DIC, on August 29, 1996, the VA remitted to Mrs. Stoner the amount of past-due DIC owed to her. The VA withheld 20% of the remittance, or $10,959.53, which it paid directly to Mrs. Stoner's attorney, Mr. Hanlin, pursuant to her fee agreement.

An application was made on October 16, 1996, to the VA for DIC for Mrs. Stoner's twenty-four year old disabled son, Robert P. Stoner ("Mr. Stoner II"). On May 30, 1997, the VA issued a rating decision finding that Mr. Stoner II met the qualifications for receiving DIC as an adult under §1314(b) because he had become permanently incapable of self-support prior to July 11, 1990, his eighteenth birthday. The VA sent a letter dated June 26, 1997, to Mr. Stoner II detailing the past-due benefits owed to him as an adult helpless child, which the VA computed to total $21,184.00. The letter also stated that, based on a fee agreement in the VA's records for the case, the VA was withholding $5,296.00, or 20%, of the past-due benefits and transferring his case to the Board for a determination of the case's eligibility for payment of attorney fees. The letter detailed the procedures by which Mr. Stoner II or Mr. Hanlin could submit evidence to the Board regarding the fee award.

Mr. Stoner II submitted a letter to the Board, dated September 22, 2001, in which he disputed Mr. Hanlin's entitlement to any of his past-due benefits as an attorney fee. Mr. Hanlin submitted a letter to the Board, dated October 11, 2001, explaining his entitlement to the withheld attorney fee award based on compliance with the applicable statutes.

The Board issued its decision on January 12, 2004, denying Mr. Hanlin's entitlement to an attorney fee from the past-due benefits paid to Mr. Stoner II. First, the Board held that an attorney can only charge fees under 38 U.S.C. § 5904(c)(1) if there is a qualifying fee agreement between the claimant and the attorney. Here, there was no qualifying fee agreement between the claimant, Mr. Stoner II, and the attorney, Mr. Hanlin. Second, the Board held that Mr. Stoner II could not qualify for the fees absent a Board decision on the helpless child claim under 38 U.S.C. § 1314(b), and here, there was no final Board decision addressing the issue of whether Mr. Stoner II was a helpless child. Third, the Board found that the helpless child claim was separate from Mrs. Stoner's DIC claim because the helpless child issue was not reasonably raised in the submissions and evidence of record in Mrs. Stoner's case.

Hanlin appealed to the Court of Appeals for Veterans Claims, which affirmed the Board's decision. Hanlin v. Nicholson, 19 Vet. App. 350 (Sept. 23, 2005). The Court of Appeals for Veterans Claims agreed with the Board that Mr. Hanlin could not succeed because 38 U.S.C. § 5904(c)(2) requires that Mr. Hanlin file a fee agreement with the Board between him and Mr. Stoner II and there was no evidence in the record of such an agreement. It also agreed that 38 U.S.C. § 5904(c)(1) only permits attorney fees for the issues resolved before the Board. Since the helpless child claim was awarded as

part of the nonadversarial system of VA claims, not a Board case, there was no entitlement to fees. The Court of Appeals for Veterans Claims further agreed with the Board's conclusion that Mrs. Stoner's DIC claim did not reasonably raise Mr. Stoner II's helpless child claim. Mrs. Stoner's entitlement for benefits was under 38 U.S.C. § 1311, while Mr. Stoner II's entitlement to compensation arose under § 1314. Therefore, the Court of Appeals for Veterans Claims held that the past-due benefits owed to Mr. Stoner II after he reached majority "were <u>his</u> entitlement and not based upon Mrs. Stoner's section 1311 claim." <u>Hanlin</u>, 19 Vet. App. at 354.

Mr. Hanlin timely appealed the Court of Appeals for Veterans Claims' denial of attorney fees to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(a), (c).

DISCUSSION

According to Mr. Hanlin's appeal, "[t]he matter at issue is whether the fee agreement entered into between Mrs. Stoner and Mr. Hanlin required the VA to withhold and pay Mr. Hanlin attorney fees" based on Mr. Stoner II's past-due benefits, under 38 U.S.C. § 5904(d).

Payment of attorney fees in veteran's benefits appeals are regulated in order to ensure that, to the extent possible, benefits can be provided in a non-adversarial manner. Under 38 U.S.C. § 5904(<u>c</u>), the VA regulates fees paid to any attorney of a person seeking benefits. "[A] fee may not be charged, allowed, or paid for services of . . . attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the <u>case</u>." 38 U.S.C. § 5904(c)(1) (2006) (emphasis added). After a final decision issues, if an attorney represents a

person before the Board, the attorney must "file a copy of any fee agreement between them with the Board at such time as may be specified by the Board." Id. § 5904(c)(2).

If a fee agreement between an attorney and claimant for benefits meets the requirements of 38 U.S.C. § 5904(d), the VA will withhold a portion of benefits payable to a claimant and directly award it as attorney fees. The fee agreement must state that

> the total amount of the fee payable to the attorney—
> (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim; and
> (ii) is contingent on whether or not the matter is resolved in a manner favorable to the claimant.

Id. § 5904(d)(2)(A) (emphasis added). "When a claimant and an attorney have entered into a fee agreement [that meets these requirements], the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim." Id. at § 5904(d)(1) (emphasis added).

On appeal, Mr. Hanlin argues that the VA must pay him a portion of Mr. Stoner II's past-due benefits as an attorney fee because he has met the requirements of § 5904. Specifically, Mr. Hanlin states that the requirements of § 5904(c)(1) are met because his fee agreement with Mrs. Stoner was made pursuant to an adverse Board decision finding no service connection—i.e., that the "case" for purposes of § 5904(c)(1) was therefore the right to DIC under both § 1311(b) and 1314(b). He also asserts that § 5904(d)(2) requirements are met because the fee agreement provided for a fee to be paid directly by the VA of 20% of past-due benefits awarded to Mrs. Stoner or her dependents. Accordingly, Mr. Hanlin argues that the VA was required under § 5904(d)(1) to pay him 20% of "the total amount of any past-due benefits awarded on the basis of the claim." The Board and the Court of Appeals for Veterans Claims erred,

according to Mr. Hanlin, by treating the DIC to Mrs. Stoner and Mr. Stoner II as two separate claims. This error therefore led them to find Mr. Hanlin entitled to fees based only on benefits paid to Mrs. Stoner. Instead, Mr. Hanlin asserts, the "claim" in § 5904(d)(1) represents the single claim for DIC made after Mr. Stoner I's death, which included both benefits for Mrs. Stoner under § 1311(b) and for Mr. Stoner II under § 1314(b). The "total amount of any past-due benefits awarded on the basis of the claim" should therefore have included both past-due benefits paid to Mrs. Stoner and Mr. Stoner II.

The VA, on the other hand, defends the Court of Appeals for Veterans Claims' denial of attorney fees based on Mr. Stoner II's past-due benefits on the theories that 1) Mr. Hanlin and Mr. Stoner II had no fee agreement and 2) the Board never issued a final decision concerning Mr. Stoner II's claim for helpless child benefits. We agree with the VA's position that the Court of Appeals for Veterans Claims properly denied attorney fees to Mr. Hanlin based on Mr. Stoner II's past-due benefits because 38 U.S.C. § 5904 requires a fee agreement between Mr. Hanlin and Mr. Stoner II.

Even assuming Mr. Hanlin's interpretation of the terms "case" and "claim" in the statute is correct, he cannot collect from Mr. Stoner II in the absence of a fee agreement.[2] We reject Mr. Hanlin's argument that Mrs. Stoner's fee agreement entitles him to 20% of Mr. Stoner II's past-due award because it arose out of the same "claim" under § 5904(d). Under this argument, Mr. Hanlin asserts that the VA is required to withhold and pay attorney fees based on all recipients of past-due benefits under a

---

[2] In this case, we need not reach the scope of the "case" which would entitle Mr. Hanlin to attorney fees under § 5904(c) or the "claim" for which Mr. Hanlin could be directly compensated under § 5904(d).

single claim. The VA, however, can withhold past-due benefits for a claim only if there is a fee agreement with the claimant. See 38 U.S.C. § 5904(d)(1) (2006) (limiting the attorney fee payable in any fee agreement between "a claimant and an attorney" to 20% of the past-due award in the claim). We therefore reject Mr. Hanlin's argument that he can receive fees from all claimants if a single claim provides compensation to multiple claimants, some with whom he has fee agreements and others with whom he does not. Thus, even under Mr. Hanlin's theory that there is a single claim for benefits in this case, he must have a fee agreement with each "claimant" from whose compensation he seeks the VA to withhold attorney fees.

Alternatively, Mr. Hanlin argues that because Mr. Stoner II received his past-due helpless child benefits under § 1314(b), which applies to a deceased veteran's children only when benefits are also payable to a surviving spouse, Mr. Stoner II and his mother are essentially the same "claimant." The statute requires that each "claimant" and the attorney enter into a fee agreement. Id. § 5904(c)(2). Simply because Mrs. Stoner's qualification to receive DIC as a surviving spouse is a prerequisite to Mr. Stoner's ability to receive benefits under § 1314(b) does not make Mr. Stoner II the same claimant as his mother.

Mr. Hanlin also argues that the lack of an express agreement between him and Mr. Stoner II does not doom his attorney fee award because Mrs. Stoner's fee agreement was intended to bind Mr. Stoner II into a fee agreement as well. The fee agreement, Mr. Hanlin argues, evinces an intent that the VA pay attorney fees based on awards made to Mrs. Stoner or directly to Mr. Stoner II as an adult. Mr. Hanlin argues

that Mrs. Stoner had the actual or apparent authority to enter into the fee agreement on behalf of her son.

Mr. Hanlin first argues that Mrs. Stoner's authority to bind her son is inherent in the text of 38 U.S.C. §§ 1311(b) and 1314(b). We reject this argument. Mrs. Stoner received past-due benefits under § 1311 both in her own right and for her son while he was a minor. Mr. Stoner II received adult helpless child benefits for the period after he reached majority under § 1314(b), which only applies when survivor benefits are concurrently payable to a surviving spouse. Nothing in these statutes, however, authorizes a parent to enter into a contract with an attorney, on behalf of an adult child, binding the adult child to a payment of attorney fees. The statute alone, therefore, could not confer on Mrs. Stoner the right to enter a fee agreement on behalf of her son.

Mr. Hanlin also argues that Mrs. Stoner had the apparent authority to enter into the fee agreement on Mr. Stoner II's behalf because of her status as his guardian, representative, or agent. This argument, however, neither seems to have been presented below nor does Mr. Hanlin cite any evidence in support. Mr. Stoner II was no longer a minor by the time Mrs. Stoner entered her first fee agreement with the Clark & James law firm. Although classified by the VA as a "helpless child," i.e., "permanently incapable of self-support" due to his disability, Mr. Hanlin points to no evidence that Mr. Stoner II is incompetent. Mr. Hanlin also points to no evidence of agency or that Mrs. Stoner was authorized to act as her son's representative. Because Mr. Hanlin has not shown that Mrs. Stoner had the authority to bind her son to payment of attorney fees when she entered into her agreement, we affirm the findings of the Board and the Court

of Appeals for Veterans Claims that Mr. Hanlin did not have a valid fee agreement with Mr. Stoner II.[3]

CONCLUSION

By statute, the VA may withhold attorney fees from a claimant's past-due benefits only if the attorney and the claimant have entered into a fee agreement. Because Mr. Hanlin did not meet this requirement, the order of the Court of Appeals for Veterans Claims denying attorney fees is affirmed.[4]

AFFIRMED

---

[3]    This does not preclude a finding in another case that a person with the authority to bind a claimant can do so for purposes of § 5904. In addition, while all children of the deceased veteran are minors, the children do not receive benefits in their own right, but higher benefits are paid directly to the surviving spouse, who is the sole claimant.

[4]    We also reject Mr. Hanlin's arguments that in this case the Court of Appeals for Veterans Claims erred by upholding the agency's decision on a ground different from that invoked by the agency.