NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7117

RESTITUTO D. BARRAQUIAS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Restituto D. Barraquias</u>, of Damaguete City, Negros Oriental, Philippines, pro se.

<u>Gregg M. Schwind</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were <u>Gregory G. Katsas</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Brian M. Simkin</u>, Assistant Director. Of counsel on the brief were <u>David J. Barrans</u>, Deputy Assistant General Counsel, and <u>Christa A. Childers</u>, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Kenneth B. Kramer

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7117

RESTITUTO D. BARRAQUIAS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2342, Judge Kenneth B. Kramer.

_____

DECIDED: December 4, 2008

_____

Before MICHEL, <u>Chief Judge</u>, MOORE, <u>Circuit Judge</u>, and HUFF, <u>District Judge</u>.[*]

PER CURIAM.

Restituto D. Barraquias appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court). <u>See</u> <u>Barraquias v. Peake</u>, No. 06-2342, 2008 WL 425646 (Vet. App. Feb. 13, 2008). The Veterans Court affirmed the Board of Veterans' Appeals' (Board) dismissal without prejudice of Mr. Barraquias' motion to revise a September 26, 2003 decision on the basis of clear and unmistakable error (CUE). Mr. Barraquias ultimately seeks recognition as the surviving child of Jesus R. Barraquias

---

[*] Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation.

(the veteran) for the purpose of receiving VA death benefits.  We <u>dismiss</u> for lack of jurisdiction.

The scope of our review of a Veterans Court decision is limited by statute.  <u>See</u> 38 U.S.C. § 7292.  Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law."  <u>Id.</u> § 7292(d)(1).  Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts.  <u>Id.</u> § 7292(d)(2).

The child of a deceased veteran is entitled to dependency and indemnity compensation when the veteran dies as a result of service-connected disabilities.  <u>See</u> 38 U.S.C. §§ 1313, 1314.  A child is defined as "a person who is unmarried and . . . who, before attaining the age of eighteen years, became permanently incapable of self-support . . . and who is a legitimate child."  <u>See</u> 38 U.S.C. § 101(4)(A).  "Such a child [is] known as a 'helpless child' under the parlance of veteran's law."  <u>Hanlin v. Nicholson</u>, 474 F.3d 1355, 1357 (Fed. Cir. 2007).  Additionally, 38 C.F.R. § 3.356 provides that:

> A child must be shown to be permanently incapable of self-support by reason of mental or physical defect at the date of attaining the age of 18 years. . . . The question of permanent incapacity for self-support is one of fact for determination by the rating agency on competent evidence of record in the individual case.

38 C.F.R. § 3.356(a), (b) (2007). Accordingly, in order to qualify for dependency and indemnity compensation, the child of a veteran must establish permanent incapacity as of his eighteenth birthday.

It is not disputed that Mr. Barraquias is the legitimate child of the veteran. Nor is it disputed that Mr. Barraquias was over the age of eighteen at the time of his father's death. At issue in determining the dependency and indemnity compensation claim was whether Mr. Barraquias qualified as a helpless child. The Board, in denying Mr. Barraquias' appeal from a determination of the VA Regional Office, found that "there is no evidence nor allegation that [Mr. Barraquias] became permanently incapable of self-support prior to reaching age 18." In re Barraquias, No. 03-266-13 (B. Vet. App. Sept. 26, 2003). The Board supported this finding of fact by noting that "neither the veteran nor his spouse ever indicated that they had a helpless child, and moreover, that the appellant himself has made no such assertion." Id.

Following the Board's decision, Mr. Barraquias sent two letters to the Board alleging that he qualified as a helpless child due to deafness in one ear and further due to his lack of education. The Board construed these letters as a motion to revise the denial on the basis of CUE. In response, the Board held that "the requirements for a motion for revision of a Board decision based on clear and unmistakable error have not been met," because, to the extent that Mr. Barraquias alleged a CUE, "this allegation is presented in vague and general terms and does not state the specific reasons why the result would have been manifestly different. Instead it concerns the weighing of evidence and is not a specific error of fact or law." In re Barraquias, No. 04-03-556 (B. Vet. App. Dec. 6, 2005).

Mr. Barraquias then appealed this decision to the Veterans Court, which held that: "Based on the record as a whole, the Board's finding that the pleadings below lacked the requisite specificity for a motion for revision based on CUE is plausible and not clearly erroneous.  Accordingly, dismissal without prejudice is proper." Barraquias, 2008 WL 425646 at *2 (citations omitted).  Mr. Barraquias timely appealed to this court. Mr. Barraquias does not question the validity of a statute or regulation.  He appears to be challenging the determination that he did not qualify as a helpless child.  We do not have the jurisdiction to review challenges to factual determinations under 38 U.S.C. § 7292.  Accordingly, we must dismiss for lack of jurisdiction.

COSTS

No costs.