SCHOELEN, Judge,
dissenting:
The majority’s holding relieves the Secretary of his statutory obligation pursuant to 38 U.S.C. § 5904(d)(2) to honor a valid contingency fee agreement between the appellant and the veteran and allows an absurd result, which permits an accrued-benefits claimant to collect more monetary benefits than what was “due and unpaid” to the veteran at the time of his death. Therefore, I must respectfully dissent.
As noted by my colleagues, there is no dispute that the appellant and the veteran entered into a valid contingency fee agreement pursuant to 38 U.S.C. § 5904(c)(1) and (d)(1),(2)(A)(i)(ii). There is also no dispute that the appellant’s representation of the veteran resulted in a favorable resolution of the claim in May 2007 when the Board of Veterans’ Appeals (Board) granted entitlement to service connection for the veteran’s back and leg disabilities. Notwithstanding the appellant’s successful representation of the veteran, the majority concludes that he is not entitled to collect a fee for legal services provided to the veteran because the regional office (RO) failed to calculate the amount of past-due benefits owed to the veteran prior to his death. Relying on the U.S. Court of Appeals for the Federal Circuit’s (Federal Circuit) decision in Snyder v. Nicholson, the majority notes that “[a] claimant’s service-connected disability forms the ‘basis’ of his or her claim for compensation,” and that “in order to make an ‘award[ ]’ on the ‘basis’ of that claim, the VA must assign a disability rating to the claimant” from which monthly compensation may be set. 489 F.3d 1213, 1218 (Fed.Cir.2007). As a result of the veteran’s interceding death, the RO did not determine the appropriate disability rating and effective date until it had granted Mrs. Finemore’s claim for accrued benefits. Because the calculation was made in the context of Mrs. Finemore’s accrued benefits claim, the majority concludes that past-due benefits were not awarded on the basis of the veteran’s claim. However, past-due benefits were, in fact, awarded.
First, I do not agree that the Federal Circuit’s decision in Jackson v. Shinseki, 587 F.3d 1106 (Fed.Cir.2009), and this Court’s decision in Cameron v. Shinseki, 26 Vet.App. 109 (2012), are dispositive on this issue. Both Jackson and Cameron address the meaning of the term “case” as used in 38 U.S.C. § 5904(c), which prescribes when an attorney is permitted to charge and collect a fee for legal services. See 38 U.S.C. § 5904(c)(1) (pre-2006) (limiting the ability to charge a fee to services provided after the date on which the Board first makes a final decision in the case provided the attorney is retained within one year of that decision). In Cameron, the Court focused on whether worked performed by an attorney in two different claims was part of the “same case” so that the attorney could collect a fee for representation provided in both claims. 26 Vet.App. at 114-16; accord Jackson, 587 F.3d at 1109-11 (holding that the attorney was *469 not entitled to charge and collect a fee for work leading to the veteran’s award of total disability based upon individual un-employability (TDIU) where the original case did not reasonably raise the issue of TDIU). Here, the appellant seeks only to collect a fee for work performed in the veteran’s claim for disability compensation for back and leg disabilities. He is not attempting to enforce a fee agreement with Mrs. Finemore, nor is he attempting to collect a fee for legal services provided to her. Consequently, there is no question whether the veteran’s claim for disability compensation and Mrs. Finemore’s claim for accrued benefits are part of the same “case” for purposes of section 5904(c)(1). Although the appellant argues that Mrs. Finemore’s “case” was no different than the veteran’s “case” because they are both based, as they must be, on the veteran’s underlying claims for service connection, he nevertheless very clearly states that he is seeking to enforce the veteran’s contract. As a result, the Court’s focus and the determinative issue must be whether there was an award of past-due benefits on the basis of the claim — ie. the veteran’s claim. See 38 U.S.C. § 5904(d)(1) (providing that “the total fee payable to the attorney may not exceed 20[%] of the total amount of any past-due benefits awarded on the basis of the claim”).
The majority mistakenly relies on the Federal Circuit’s decisions in Snyder, supra, and Hanlin v. Nicholson, 474 F.3d 1355 (Fed.Cir.2007), to conclude that there was not an award of past-due benefits on the basis of the veteran’s claim and that the appellant cannot collect a fee from Mrs. Finemore because she is a separate claimant who was not a party to the fee agreement. In doing so, my colleagues ignore the unique nature of an accrued benefits claim. Although an accrued benefits claim is a separate claim from the veteran’s claim for service connection for which an application must be filed to receive benefits, Zevalkink v. Brown, 102 F.3d 1236, 1241 (Fed.Cir.1996), the Court has consistently recognized that “the substance of the ... claim is purely derivative from any benefit to which the veteran might have been ‘entitled’ at his death.” Zevalkink v. Brown, 6 Vet.App. 483, 489-90 (1994); cf. Breedlove v. Shinseki, 24 Vet.App. 7, 20 (2010) (explaining that, with the enactment of 38 U.S.C. § 5121A, “Congress has largely altered the distinction previously drawn ... between the deceased veteran’s claim and that of the surviving eligible accrued-benefits claimant [and that a]ny remaining distinction has been reduced to the administrative requirement of filing an accrued-benefits claim and the determination of eligibility for accrued benefits”). Thus, under section 5121, “a claimant is only entitled to what was properly due the veteran at the time of death, but was unpaid.” Zevalkink, 102 F.3d at 1241.
It is within the unique context of the nature of an accrued benefits claim that the Court must examine whether the award of past-due benefits calculated as part of Mrs. Finemore’s claim for accrued benefits satisfies section 5904(d)(l)’s requirement that there be an “award of past-due benefits on the basis of the claim,” which was the subject of the fee agreement between the appellant and the veteran. 38 U.S.C. § 5904(d)(1). Neither the statute nor the Secretary’s regulation, 38 C.F.R. § 20.609(h) (2006), speaks to the precise issue presented by the facts of this case. However, for purposes of section 5904(d)(1), this Court is bound by the Federal Circuit’s decision in Snyder, which held that “a claimant’s service-connected disability forms the ‘basis’ of his or her claim for compensation,” and that “[t]he word ‘award’ is clear and unambiguous, and in the parlance of veterans’ benefits it *470 means the amount stated as the award for success in pursuit of a claim for benefits.” 489 F.3d at 1218-19. Snyder also instructs that the amount of awarded compensation and the amount of payable compensation may not be the same, but that section 5904(d)(1) requires the calculation of the attorney’s fee to be based upon the amount of compensation awarded on the basis of the veteran’s claim, i.e., “the sum of each month’s unpaid compensation — as determined by the claimant’s disability rating — beginning on the effective date and continuing through the date of the award.” Id.
Here, it is undisputed that no payment was made to the veteran because of his interceding death. My colleagues conclude that past-due benefits were not awarded on the basis of the veteran’s claim because the calculation of the amount of unpaid compensation did not occur in the veteran’s claim. Ante at 463. However, in the unique context of Mrs. Finemore’s accrued benefits claim, which was statutorily limited to the evidence on file and existing ratings and decisions at the time of the veteran’s death, VA implemented an award — made a calculation of the unpaid compensation that was due and owed to the veteran at the time of his death on the basis of his claims for service connection for back and leg disabilities— the same claims that were the subject of the fee agreement with the appellant. Because the accrued benefits statute, 38 U.S.C. § 5121, limits Mrs. Finemore’s entitlement to what was “due and unpaid” to the veteran at the time of his death, it is illogical to conclude that her claim, the substance of which is purely derivative of the veteran’s claim, can result in a payment of accrued benefits that is greater than what the veteran would have been entitled to receive but for the unfortunate timing of his death.
The majority, however, relies on the Federal Circuit’s decision in Hanlin to conclude that in the absence of a fee agreement with Mrs. Finemore, the appellant cannot collect a percentage of Mrs. Finemore’s accrued benefits award. Ante at 466. Unlike my colleagues, I find Han-lin distinguishable from the present case. In Hanlin, the Federal Circuit rejected the attorney’s attempt to collect a 20% contingency fee from separate past-due benefits awarded to the veteran’s surviving spouse and the veteran’s helpless child where the attorney had only entered into a contingency fee agreement with the surviving spouse and there had not been a Board decision on the helpless child’s claim under 38 U.S.C. § 1314(b). 474 F.3d at 1360. The Federal Circuit held that the attorney “must have a fee agreement with each ‘claimant’ from whose compensation he seeks VA to withhold attorney fees” and “[sjimply because [the surviving spouse’s] qualification to receive [dependency and indemnity compensation (DIC) ] ... is a prerequisite to [the helpless child’s] ability to receive benefits under § 1314(b) does not make [the helpless child] the same claimant as his mother[,]” the surviving spouse. Id.
In the present case, the appellant is not seeking to collect a 20% contingency fee from two claimants, nor is he attempting to bind Mrs. Finemore to the veteran’s fee agreement with the appellant. Unlike in Hanlin, there is only one claim on which compensation can be based, i.e., the veteran’s service-connection claim for back and leg disabilities. The award of past-due benefits can only be paid to the veteran or the accrued benefits claimant, not both. The accrued benefits claimant can only receive the veteran’s past-due benefits, based on his evidence, and the calculation of the award is made under the disability compensation scheme, just as if the veteran had survived. Thus, although Hanlin *471 says that VA “can withhold past-due benefits for a claim only if there is a fee agreement with the claimant,” 474 F.3d at 1360, requiring VA to honor the fee agreement between the appellant and the veteran does not amount to a withholding from a separate claimant, because, by the very nature of Mrs. Finemore’s derivative entitlement, her claim is limited to the veteran’s entitlement.
Accordingly, I would find that, because the appellant’s representation of the veteran resulted in an award of past-due benefits on the basis of the veteran’s service-connection claims for back and leg disabilities, the appellant is entitled to receive, and VA is statutorily required to pay him, 20% of the total amount of past-due benefits awarded. That the veteran’s interceding death caused payment to be made to the veteran’s surviving spouse does not alter the fact that the award of past-due benefits was made on the basis of the veteran’s underlying claims for service connection or that the appellant is entitled to a fee based on work successfully performed pursuant to his fee agreement with the veteran.
The majority’s holding to the contrary is inconsistent with Congress’s desire to promote freedom for VA claimants to obtain access to judicial review and secure capable legal representation, as well as the Court’s consistent view that an attorney, who enters into a valid fee agreement, should be compensated for work performed under that agreement that results in the claim being resolved in a manner favorable to the claimant. See, e.g., Lippman v. Shinseki, 23 Vet.App. 243, 252-53 (2009) (holding that an attorney discharged after the initial decision on a claim, but prior to the appeal of the initial disability rating assigned is entitled to “reasonable fees” based on a quantum meruit analysis); see also Scates v. Principi, 282 F.3d 1362, 1366 (Fed.Cir.2002) (holding that it is implicit in the contingency fee agreement that an attorney, discharged prior to resolution of the claim, is entitled to “only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded”). It also renders an attorney without any potentially viable remedy if all of the veteran’s past-due benefits are paid to the veteran’s surviving spouse and the veteran’s estate does not contain sufficient funds to satisfy the veteran’s contractual obligation in a State court action brought by such an attorney. Finally, an unfortunate consequence of the majority’s holding may be that some of our nation’s veterans, particularly the very old or infirm, may have trouble retaining qualified counsel who fear that VA will not resolve the claim prior to the veteran’s death. This is particularly troubling at a time when VA takes 923 days[3] to process an appeal from the time a claimant files a Notice of Disagreement (NOD)[4] to issuance of a final Board decision. Accordingly, for the reasons provided above, I must respectfully dissent.

. See 2013 Department of Veterans Affairs Performance and Accountability Report (Dec. 16, 2013); http://www.va.gov/budget/report/.

. Under the current version of 38 U.S.C. § 5904(c)(1), an attorney may not charge or collect a fee with respect to services provided before an NOD is filed with respect to the case.