NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT ASPRY, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7137

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3020, Judge William A. Moorman.

---

Decided: February 23, 2012

---

SANDRA W. WISCHOW, Goodman, Allen & Filetti, of Richmond, Virginia, argued for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were TONY WEST, Assistant

Attorney General, JEANNE E. DAVIDSON, Director, BRIAN M. SIMKIN, Assistant Director, and SCOTT D. AUSTIN, Assistant Director.  Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and RACHAEL T. SHENKMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

Robert Aspry, Jr., appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), denying his claim based on hearing loss.  Although Mr. Aspry frames the issue on appeal as whether the Veterans Court applied the correct legal standard, in effect he disagrees with the application of the "clear and unmistakable evidence" standard of 38 U.S.C. § 1111 to the facts of his case.  We do not have jurisdiction to review the Veterans Court's application of the law to the facts unless it presents a constitutional issue.  *Jackson v. Shinseki*, 587 F.3d 1106, 1109 (Fed. Cir. 2009); 38 U.S.C. § 7292(d)(2); *cf. Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by either party or a court[] is not controlling; we must look to the true nature of the action.").

Accordingly, we dismiss Mr. Apsry's appeal for lack of jurisdiction.

## COSTS

Each party shall bear its own costs.

## DISMISSED