NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**CURTIS E. GRIFFIN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

2012-7001

Appeal from the United States Court of Appeals for Veterans Claims in 10-2076, Judge Robert N. Davis.

Before BRYSON, MOORE, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## ORDER

While on active duty from November 1956 to November 1958, Curtis E. Griffin was exposed to asbestos, and was subsequently diagnosed with chronic obstructive pulmonary disease (COPD). A Department of Veterans Affairs (DVA) Regional Office granted Mr. Griffin service-connected disability status and rated his COPD condition at 30% disabling.

In July 2004, Mr. Griffin sought to increase his disability rating. After one of several respiratory examinations, the DVA medical examiner noted that Mr. Griffin reported that he could only walk across the room before experiencing shortness of breath. The examiner further noted that Mr. Griffin was "severely disabled," and that "he is close to requiring home oxygen."

During both private and DVA respiratory examinations, however, pulmonary functioning tests failed to establish the criteria necessary to meet a higher disability rating under the applicable DVA diagnostic schedule. Based primarily on those test results, the Board of Veterans' Appeals denied Mr. Griffin's increased rating claim.

The Board also noted that "the Veteran has not claimed, or produced any evidence, that the disability has caused marked interference with employment," and "no medical professional has indicated that the disability has contributed to an inability to work." Mr. Griffin appealed the Board's decision to the Veterans Court, which affirmed. Like the Board, the Veterans Court concluded that Mr. Griffin's "evidence as to his disability is insufficient to suggest an issue of unemployability."

This appeal followed.

As a general matter, we have held that the Board is required to address all issues reasonably raised on appeal, even if the issue might not be directly raised in the veteran's appellate filings when read in isolation. *Robinson v. Shinseki*, 557 F.3d 1355, 1361 (Fed. Cir. 2009); *Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009). That obligation, which includes reading an informal claim from a veteran's filings, is contingent on there being sufficient evidence in the record to reasonably support a theory of entitlement to benefits. *See Robinson*, 557 F.3d at 1361. Accordingly, in *Comer* we explained that a claim for TDIU benefits is implicitly raised whenever a veteran seeking to

obtain a higher disability rating presents "cogent" or "persuasive" evidence of unemployability. *Comer*, 552 F.3d at 1367-68.

Mr. Griffin appears to argue for a more relaxed standard, characterizing the proper test as being closer to "some" evidence of unemployability even though that is not the term this court has regularly used to describe the evidence necessary to raise an implicit claim for TDIU benefits. *See Comer*, 552 F.3d at 1367-68 ("cogent evidence"); *see also Rivera v. Shinseki*, 654 F.3d 1377, 1380 (Fed. Cir. 2011) (describing *Comer* as requiring the record to contain "persuasive and pervasive" evidence of unemployability).

While it is true that this court in *Jackson v. Shinseki*, 587 F.3d 1106, 1111 (Fed. Cir. 2009) stated, "[t]ogether, *Comer* and *Roberson* make clear that a claim for TDIU can be implicitly raised only where the veteran proffers some evidence of unemployability," *Jackson* did not suggest that it was departing from *Comer*. In fact, *Jackson* reiterated the use of cogent evidence to describe what was needed before an implicit claim for TDIU was reasonably raised. *See id.* ("[T]his court [in *Comer*] went on to explain that [a claim for TDIU benefits] could only be implicitly raised where 'a pro se veteran, *who presents cogent evidence of unemployability*, seeks to obtain a higher disability rating.'" (citation omitted).

In any event, even if a meaningful distinction could be made between requiring "some" evidence of unemployability and "cogent" evidence of unemployability, it would make no difference here. The Board found that Mr. Griffin had not produced "any evidence" that his disability markedly interfered with employment, and "no medical professional has indicated that the disability has contributed to an inability to work." In light of those findings, the Veterans Court concluded that while the evidence

demonstrated a negative effect on occupational activity it did not "suggest an issue of unemployability."

While Mr. Griffin contends that the evidence says otherwise and that the standard was improperly applied in this case, Congress did not initially delegate those determinations to us, and that makes all the difference. Our jurisdictional statute does not allow us to review challenges to factual determinations or the application of law to fact. 38 U.S.C. § 7292(d)(2).

Mr. Griffin contends that the Veterans Court's conclusion is out of step with the normal progression of first pleading and then proving a claim. In doing so, however, Mr. Griffin overlooks the fact that the obligation to determine whether entitlement to TDIU benefits is reasonably raised is not a replacement for a veteran filing a formal application for compensation benefits. *See* 38 C.F.R. § 20.202; *Robinson*, 557 F.3d at 1361-62. Nor does the Veterans Court's application of *Comer* here render the Secretary's duty-to-assist requirements superfluous. Had Mr. Griffin filed an application for TDIU benefits or had the record contained sufficient evidence of unemployability, the Secretary would have been obligated to make reasonable efforts to assist him in developing the record. *See* 38 U.S.C. § 5103A. Since neither of those events occurred here, Mr. Griffin's arguments in this regard are without merit.

Because the outcome here is clear, we dispose of the case without oral argument. *See generally Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Veterans Court is affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

SEP 2 0 2012

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 2 0 2012

JAN HORBALY
CLERK

cc: Mark R. Lippman, Esq.
Elizabeth M. Hosford, Esq.

s19