NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**VICTOR L. COSTNER,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

2013-7063

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3400, Judge Robert N. Davis.

Decided: June 5, 2013

VICTOR L. COSTNER, of Dandridge, Tennessee, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General

Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before RADER, *Chief Judge,* LOURIE and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Victor L. Costner appeals *pro se* from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying Costner entitlement to an initial disability evaluation in excess of 50% for post-traumatic stress disorder ("PTSD") for a time prior to August 28, 2001. *Costner v. Shinseki*, No. 11-3400, 2012 WL 6685690 (App. Vet. Dec. 26, 2012). Because Costner only raises issues beyond our jurisdiction, we *dismiss.*

BACKGROUND

Costner served in the United States Army between July 1966 and July 1968. In 1981, he filed a claim at the Department of Veterans Affairs ("VA") seeking disability compensation for a nervous condition. The VA regional office ("RO") denied that claim. In 1999, he filed a claim for PTSD, which the RO granted, awarding him disability compensation for PTSD, rated at 50%, effective May 18, 1999. After a number of further decisions by the Board, Costner was granted an earlier effective date of March 30, 1981 with a 50% disability rating prior to August 28, 2001, and a 100% disability rating following that date. After Costner filed a Notice of Disagreement alleging that he was totally disabled as of March 30, 1981, the Board remanded for further development and requested the opinion of a VA medical specialist.

In February 2011, a VA psychiatrist, Dr. Lynn Hunter Hackett, reviewed Costner's psychiatric records and concluded that, although Costner suffered from PTSD, he

was not totally disabled until after August 2001, as evidenced by the stability in his marriage and steady work history. Based on that assessment, the Board found that Costner's PTSD did not worsen (in excess of 50%) until August 28, 2001. Costner appealed to the Veterans Court.

The Veterans Court reviewed the evidence and Costner's arguments and concluded that none of the evidence cited by Costner established error in the Board's decision and therefore affirmed. This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We therefore generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Costner argues that the Veterans Court erred in not increasing his disability rating for the period prior to August 2001, alleging that his "condition was worse back then (1981 to 2001)." Appellant's Informal Br. 1. He faults the Veterans Court for crediting the opinion of Dr. Hackett over other clinical reports and opinions in the record. He also alleges that he should have been given an examination to determine a disability rating in 1981 when he first filed for a nervous disorder.

Costner has not identified any statute or regulation that he believes the Veterans Court misinterpreted or that he believes is invalid. Nor has he raised any specific constitutional issues that he is challenging on appeal. Instead, he merely challenges the factual findings by the Board, which were affirmed by the Veterans Court, and the weight accorded the medical evidence in the record. We do not have jurisdiction to review factual determinations and the application of the law to the facts unless it presents a constitutional issue, of which none is presented here. 38 U.S.C. § 7292(d)(2); *Jackson v. Shinseki*, 587 F.3d 1106, 1109 (Fed. Cir. 2009). We likewise lack jurisdiction to review the weight given to evidence by the Board. *Maxson v. Gober*, 230 F.3d 1330, 1332 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction.").

Costner's remaining argument that he should have been granted a VA medical examination based on his 1981 disability claim raises only a question whether the VA met its duty to provide a medical examination pursuant to 38 U.S.C. § 5103A(d). However, the Veterans Court did not address this argument and did not make a decision on or interpret any aspect of § 5103A(d) that would grant us jurisdiction under 38 U.S.C. § 7292(a).

We have considered Costner's remaining arguments and conclude that they are without merit. Accordingly, we *dismiss* Costner's appeal for lack of jurisdiction.

### DISMISSED

#### COSTS

No costs.