NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN E. GONZALES,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7070

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-943, Judge Lawrence B. Hagel.

---

Decided: February 11, 2014

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

ELIZABETH M. HOSFORD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MARTIE

S. ADELMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Benjamin Gonzales appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals denying Gonzales's entitlement to a rating of total disability—based upon individual unemployability—for a time prior to December 5, 2008. *Gonzales v. Shinseki*, No. 11-943, 2012 WL 6554801 (Vet. App. Dec. 17, 2012) (unpublished).

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may only review questions relating to the interpretation of constitutional and statutory provisions. 38 U.S.C. § 7292(c). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

Gonzales argues that the Veterans Court misinterpreted "substantial gainful occupation" in 38 C.F.R. § 4.16. The Veterans Court, however, did not interpret the regulation. The Veterans Court's opinion only applied § 4.16 to the facts of Gonzales's case. In the absence of a constitutional issue, we do not have jurisdiction to review the Veterans Court's application of a regulation to the facts. 38 U.S.C. § 7292(d)(2); *Jackson v. Shinseki*, 587 F.3d 1106, 1109 (Fed. Cir. 2009); *cf. Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by party or a court[ ] is not controlling; we must look to the true nature of the action.").

Accordingly, we dismiss Gonzales's appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.