NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADAM K. VETTER,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7090

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3070, Chief Judge Bruce E. Kasold.

---

Decided: April 14, 2015

---

JEFFREY DANIEL SMYTH, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Palo Alto, CA, argued for claimant-appellant. Also represented by JENNIFER SWAN; RONALD LEE SMITH, Washington, DC.

LOREN MISHA PREHEIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; Y. KEN LEE, AMANDA

BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before CHEN, BRYSON, and HUGHES, *Circuit Judges.*

PER CURIAM.

Adam K. Vetter appeals from the finding of the United States Court of Appeals for Veterans Claims (Veterans Court) that the record does not reasonably raise a claim for 1) a total disability rating based on individual unemployability (TDIU) under 38 C.F.R. § 4.16(b), and 2) a disability rating based on the loss of use of his dominant hand under 38 C.F.R. § 4.63, which would further entitle Mr. Vetter to additional special monthly compensation under 38 U.S.C. § 1114(k).

Although Mr. Vetter attempts to frame the issue on appeal as whether the Veterans Court correctly interpreted the law and applied the correct legal standards, in effect Mr. Vetter merely disagrees with the Veterans Court's application of 38 C.F.R. § 4.16 and 38 C.F.R. § 4.63 to find the record does not reasonably raise a claim under those provisions. We do not have jurisdiction to review the Veterans Court's application of the law to the facts of Mr. Vetter's case unless it presents a constitutional issue—which has not been alleged here. 38 U.S.C. § 7292(d)(2); *Jackson v. Shinseki*, 587 F.3d 1106, 1109 (Fed. Cir. 2009); *cf. Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by party or a court[] is not controlling; we must look to the true nature of the action.").

Accordingly, we dismiss Mr. Vetter's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.