Citation Nr: 1554524 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 07-19 389 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an effective date earlier than March 29, 2010 for the award of a 40 percent rating for residuals of a discectomy and lumbar fusion.

2. Entitlement to an initial rating in excess of 10 percent for sciatica of the right lower extremity. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse.



ATTORNEY FOR THE BOARD

M. Riley, Counsel 


INTRODUCTION

The Veteran served on active duty from March 1982 to April 2006. This case comes before the Board of Veterans' Appeals (Board) on appeal from a December 2006 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In September 2010, the Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO. A transcript of the hearing is of record.

The Veteran's case was previously before the Board in December 2012 when the claim for an increased rating for right lower extremity sciatica was denied. The Veteran appealed this denial to the Court of Appeals for Veterans Claims (Court). In September 2013, the Court granted a Joint Motion for Remand (JMR) filed by the parties vacating and remanding the portion of the December 2012 Board decision that denied a rating in excess of 10 percent for right sciatica. The appeal returned to the Board and was remanded for further development in December 2013. It has again returned to the Board for further appellate action.


FINDINGS OF FACT

1. In a December 2006 decision, the Board assigned a 40 percent evaluation for the orthopedic residuals of the service-connected discectomy and lumbar fusion effective March 29, 2010; the Veteran did not appeal this decision.

2. The Veteran's sciatica of the right lower extremity most nearly approximates neurological impairment of the right lower extremity that is moderate. 

CONCLUSIONS OF LAW

1. The December 2012 Board decision, which assigned an effective date of March 29, 2010 for the award of a 40 percent evaluation for orthopedic residuals of a discectomy and lumbar fusion, is final. 38 U.S.C.A. § 511(a), 7103, 7104 (West 2014); 38 C.F.R. § 20.1100 (2015).

2. The criteria for an initial rating of 20 percent, but not higher, for sciatica of the right lower extremity are met. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.124a, Diagnostic Code 8521. 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Earlier Effective Date Claim

The Veteran contends that an effective date earlier than March 29, 2010 is warranted for the assignment of a 40 percent evaluation for the residuals of a service-connected discectomy and lumbar fusion. In a December 2012 decision, the Board determined that a 40 percent rating was appropriate for the orthopedic impairment associated with the service-connected low back disability effective from March 29, 2010. The Veteran was notified of the decision and responded in a December 2012 correspondence objecting to the March 29, 2010 effective date. The St. Petersburg RO then issued a January 2013 rating decision denying a claim for an earlier effective date on the basis that the March 29, 2010 effective date was determined by the Board. The Veteran disagreed with the denial of an earlier effective date and this appeal is the result. 

Although the RO certified the current issue on appeal as a claim for an earlier effective date originating from the January 2013 rating decision, the Board observes that the 40 percent evaluation and March 29, 2010 effective date was assigned to the service-connected low back condition by the Board in its December 2012 decision. The Veteran received notice of the Board's decision and filed a motion for reconsideration which was denied by the Board in August 2013. Although the Veteran appealed some other claims addressed in the December 2012 Board decision, the September 2013 JMR granted by the Court specifically states that "the Court should not disturb the Board's findings as to assignment of an initial ten percent (10%) rating prior to March 29, 2010 and a forty-percent (40%) rating from March 29, 2010 for residuals of a discectomy and lumbar fusion." Thus, the Veteran did not appeal the effective date of the 40 percent rating award and the December 2012 Board decision is final with respect to the assignment of a 40 percent evaluation from March 29, 2010 for the service-connected low back disability. 38 U.S.C.A. § 7104(b) (West 2014); 38 C.F.R. § 20.1100 (2015).

The Veteran contends that an earlier effective date is warranted for the award of a 40 percent rating, but there is no basis in law for a freestanding earlier effective date claim in matters that have already been addressed in a final Board decision. When a decision is final, only a request for a revision based on clear and unmistakable error could result in the assignment of earlier effective dates. Rudd v. Nicholson, 20 Vet. App. 296 (2006). In this case, the Board is statutorily barred from revisiting the effective date claim adjudicated in the December 2012 Board decision, and any attempt to collaterally attack that decision must be addressed in a motion based on clear and unmistakable error. The Veteran has not filed such a claim and accordingly, as a matter of law, the appeal seeking an effective date earlier than March 29, 2010 for the award of 40 percent rating for the orthopedic residuals of a discectomy and lumbar fusion is not a valid claim for such benefit, and the appeal in the matter must be dismissed. See Rudd, supra; see also Sabonis v. Brown, 6 Vet. App. 426 (1994).


Increased Rating Claim

Service connection and an initial 10 percent evaluation for sciatica of the right lower extremity associated with the service-connected low back disorder was granted in the December 2006 rating decision on appeal, effective May 1, 2006. The Veteran contends that an increased initial rating is warranted for the disability as it manifests constant right leg numbness and pain. 

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran's entire history is reviewed when making disability ratings. See generally 38 C.F.R. 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, where, as here, the question for consideration is the propriety of the initial disability rating assigned, evaluation of the medical evidence since the grant of service connection and consideration of the appropriateness of "staged rating" is required. See Fenderson v. West, 12 Vet. App. 119, 126 (1999).

The Veteran is currently assigned a 10 percent evaluation for neurological impairment (sciatica) of the right lower extremity under Diagnostic Code 8521, pertaining to paralysis of the external popliteal nerve. Under this diagnostic code, incomplete paralysis of the nerve warrants a 30 percent evaluation if it is severe, a 20 percent evaluation if it is moderate, and a 10 percent evaluation if it is mild. 38 C.F.R. § 4.124a, Diagnostic Code 8521. 

The term "incomplete paralysis" indicates a degree of lost or impaired function substantially less than the type pictured for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating should be for the mild, or at most, the moderate degree. The ratings for the peripheral nerves are for unilateral involvement; when there is bilateral involvement, the VA adjudicator is to combine the ratings for the peripheral nerves, with application of the bilateral factor. 38 C.F.R. § 4.124a. 
After review of the evidence, the Board finds that an initial 20 percent evaluation is warranted for the Veteran's right leg sciatica. The Veteran consistently reported experiencing constant numbness and intermittent radiating pain in the right leg that is essentially unchanged since 2001. He also testified in September 2010 that he was unable to stand for extended periods due to leg weakness. VA examinations performed in December 2006 and June 2011 further document the presence of right lumbar radiculopathy with diminished sensation. The June 2011 VA examiner opined that the Veteran experienced only mild functional limitation due to his radiculopathy, but an April 2014 addendum medical opinion characterized the Veteran's right sciatica as "mild, to moderate at the most." A February 2012 nerve conduction study from the Pensacola VA Medical Center (VAMC) also indicated the presence of mild to moderate radiculopathy. In light of the Veteran's competent and credible testimony reporting the constant nature of his right leg numbness and pain, the Board will resolve any doubt in his favor and find that the service-connected sciatica most nearly approximates an initial 20 percent evaluation for moderate incomplete paralysis throughout the claims period. 

The Board has considered whether a rating in excess of 20 percent is warranted, but finds that the Veteran's right sciatica does not most nearly approximate severe incomplete paralysis. The Veteran's right leg neurological impairment has consistently manifested pain, decreased sensation with numbness, and occasional leg weakness. The evidence does not establish any motor deficits associated with the condition; there was a slight decrease to strength in two of the right lower extremity muscles during a private examination in March 2010, but the Veteran also manifested intact sensation and reflexes at that time. Muscle strength was full at the December 2006 and June 2011 VA examinations and there are no other findings of decreased muscle strength during the claims period. 

Although decreased or absent reflexes of the right lower extremity were also noted on several examinations during the claims period, the VA examiner who provided the April 2014 addendum opinion found that the Veteran's reflex deficits were due to factors other than the service-connected sciatica. The examiner noted that Achilles (ankle) and patellar (knee) reflexes diminish with age and are often absent in later years. The examiner also observed that the February 2012 nerve conduction study indicated that the Veteran's decreased reflexes were due to a normal variation and/or the aging process. The manifestations of the service-connected right sciatica are therefore sensory in nature and, as characterized by the April 2014 VA examiner and February 2012 nerve conduction study, are at most moderate in severity. See 38 C.F.R. § 3.124a (when the involvement is wholly sensory, the rating should be for the mild, or at most, the moderate degree). As the Veteran's disability most nearly approximates moderate incomplete paralysis of the external popliteal nerve, a rating in excess of 20 percent is not warranted under Diagnostic Code 8521.

The Board has considered whether there is any other schedular basis for granting a higher rating other than discussed above, but has found none. The award of a 20 percent initial rating was rendered with consideration of the doctrine of reasonable doubt and the preponderance of the evidence is clearly against the assignment of a higher evaluation at any time during the claims period. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 4.7, 4.21.

In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321. The Court of Appeals for Veterans Claims (Court) has set out a three-part test, based on the language of 38 C.F.R. § 3.321(b)(1), for determining whether a veteran is entitled to an extra-schedular rating: (1) the established schedular criteria must be inadequate to describe the severity and symptoms of the claimant's disability; (2) the case must present other indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization; and (3) the award of an extra-schedular disability rating must be in the interest of justice. Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 

The Board finds that the rating criteria contemplate the Veteran's disability. The Veteran's neurological impairment manifests symptoms such as numbness and radiating pain of the right leg. These manifestations are contemplated in the rating criteria and the rating criteria are therefore adequate to evaluate the Veteran's disability. In addition, the record does not indicate that the Veteran manifests an additional disability that is attributable to the combined effect of his multiple service-connected conditions. See Johnson v. McDonald, 762 F.3d 1362 (2014). As the Veteran's conditions are contemplated by the rating criteria, a referral for consideration of an extraschedular rating is not warranted. The record also does not demonstrate an exceptional circumstance where the evaluation of the condition fails to capture all the symptoms of the service-connected disability. Id.

Entitlement to a TDIU is also an element of all claims for a higher initial rating. Rice v. Shinseki, 22 Vet. App. 447 (2009). A claim for TDIU is raised where a Veteran: (1) submits evidence of a medical disability; (2) makes a claim for the highest rating possible; and (3) submits evidence of unemployability. Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001); see Jackson v. Shinseki, 587 F.3d 1106 (2009) (holding that an inferred claim for a TDIU is raised as part of an increased rating claim only when the Roberson requirements are met). 

In this case, the record is negative for evidence that the Veteran is unemployable. He is not in receipt of Social Security disability benefits and has continued to work full time throughout the claims period. There is no medical evidence that the Veteran is not able to work due to his service-connected neurological disability, and the Veteran has not stated that he is unable to perform his work duties because of the service-connected condition. In fact, during the June 2011 VA examination, the Veteran reported that he had recently switched to a desk job which was more accommodating for his disability. Therefore, remand of a claim for TDIU is not necessary as there is no evidence of unemployability due to the service-connected right leg sciatica.


Duties to Notify and Assist

VA has certain duties to notify and assist a veteran in the substantiation of a claim. VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) and that the claimant is expected to provide. Pelegrini v. Principi (Pelegrini II), 18 Vet. App. 112, 120-21 (2004), see 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b).

The Veteran has initiated an appeal regarding the initial rating assigned following an award of service connection for right leg sciatica. The claim for service connection for the disability on appeal is now substantiated and the filing of a notice of disagreement (NOD) as to the December 2006 rating decision does not trigger additional notice obligations under 38 U.S.C.A. § 5103(a). See 38 C.F.R. § 3.159(b)(3) (2015). Rather, the Veteran's appeal as to the initial rating assignments triggers VA's statutory duties under 38 U.S.C.A. §§ 5104 and 7105, as well as regulatory duties under 38 C.F.R. § 3.103. 

Under 38 U.S.C.A. § 7105(d), upon receipt of a NOD in response to a decision on a claim, the AOJ must take development or review action it deems proper under applicable regulations and issue a statement of the case (SOC) if the action does not resolve the disagreement either by grant of the benefits sought or withdrawal of the NOD. However, section 5103(a) does not require VA to provide notice of the information and evidence necessary to substantiate the newly raised issue. 38 C.F.R. § 3.159(b)(3). As a consequence, VA is only required to advise the Veteran of what is necessary to obtain the maximum benefit allowed by the evidence and the law. The March 2008 SOC set forth the relevant diagnostic codes for rating the disability at issue, and included a description of the rating formula for all possible schedular ratings. The appellant was thus informed of what was needed to achieve the next-higher schedular rating and all schedular ratings above the initial evaluation assigned by the RO. Therefore, the Board finds that the appellant has been informed of what was necessary to achieve a higher rating for the service-connected condition at issue.

VA is also required to make reasonable efforts to help a claimant obtain evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to a claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4).

VA has obtained records of treatment reported by the Veteran, including service treatment records, records of VA treatment, and private medical records. Additionally, the Veteran was provided proper VA examinations in December 2006 and June 2011 in response to his claim for an increased initial rating. A VA addendum opinion was also obtained in April 2014 clarifying some aspects of the service-connected disability on appeal. 

The Board also finds that VA has complied with the May 2011 and December 2013 remand orders of the Board. In response to the Board's remands, the Veteran was provided a VA examination in June 2011 to determine the current severity of the neurological manifestations of his disability. An addendum medical opinion was also obtained in April 2014. The case was then readjudicated in a March 2015 SSOC. Therefore, VA has complied with the remand orders of the Board. 

For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements. 


ORDER

The appeal for an effective date earlier than March 29, 2010 for the award of a 40 percent rating for residuals of a discectomy and lumbar fusion is dismissed.

Entitlement to an initial rating of 20 percent, but not higher, for sciatica of the right lower extremity is granted. 




____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs