﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 200611-94912
DATE: October 30, 2020

ORDER

Entitlement to a date earlier than August 27, 2012, for the grant of a total disability rating for compensation based on individual unemployability (TDIU) due to service-connected disabilities is denied.

Entitlement to a date earlier than August 27, 2012, for the grant of eligibility to Dependents' Educational Assistance under 38 U.S.C. Chapter 35 is denied.

FINDINGS OF FACT

1. Prior to August 27, 2012, the Veteran’s service-connected disabilities did not meet the schedular criteria for a TDIU, and the evidence does not suggest that his service-connected disabilities rendered him unable to secure and follow substantially gainful employment. 

2. Prior to August 27, 2012, the Veteran did not have a total service-connected disability, permanent in nature; therefore, he was not eligible for the award of DEA benefits under Chapter 35, Title 38, United States Code. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to TDIU, prior to August 27, 2012, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16. 

2. The criteria for entitlement to an effective date prior to August 27, 2012, for DEA benefits under Chapter 35, Title 38, United States Code, have not been met. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from January 1966 to August 1968. 

A rating decision was issued under the legacy system and the Veteran submitted a timely notice of disagreement. In May 2020, the agency of original jurisdiction (AOJ) issued a supplemental statement of the case (SSOC). The Veteran opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a June 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the May 2020 SSOC. Therefore, the May 2020 SSOC is the decision on appeal. 

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the May 2020 SSOC. 38 C.F.R. § 20.301.

Additionally, as a procedural note, this matter was previously decided by the Board in August 2020 under the legacy system. However, in September 2020, the August 2020 Board decision was vacated so that this matter could be adjudicated under the AMA system.

1. Entitlement to an earlier effective date for the grant of individual unemployability

A TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

It is the established policy of VA that all Veterans who are unable to secure or follow a substantially gainful occupation by reason of service connected disability or disabilities shall be rated totally disabled. 38 C.F.R. § 4.16. A finding of total disability is appropriate “when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation.” See 38 C.F.R. §§ 3.340 (a)(1), 4.15. 

“Substantially gainful employment” is that employment “which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides.” Moore v. Derwinski, 1 Vet. App. 356, 358 (1991). “Marginal employment shall not be considered substantially gainful employment.” 38 C.F.R. § 4.16(a). TDIU is precluded for any period of gainful employment, which is generally defined as annual earnings above the poverty threshold. Jackson v. Shinseki, 587 F.3d 1106 (Fed. Cir. 2009) (proof of unemployment is necessary to raise a TDIU claim). Marginal employment is found whenever the Veteran’s earned annual income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census as the poverty threshold for one person. However, 38 C.F.R. § 4.16 further provides an exception to the income limitation regarding employment in a protected environment, such as family business or sheltered workplace, on a facts found basis. Id.

In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether his or her service-connected disabilities, alone, are of sufficient severity to produce unemployability. Factors to be considered are the Veteran’s “education, employment history and vocational attainment.” See 38 C.F.R. § 4.16(b).

In a January 2018 rating decision, the Veteran was granted entitlement to a TDIU effective August 27, 2012. He now seeks an earlier effective date for that grant of a total rating. In support of this claim, the Veteran submitted an October 2017 private vocational assessment report, in which a rehabilitation counselor reviewed the record and concluded that the Veteran was unable to work due to his service connected disabilities prior to August 27, 2012. 

Prior to August 27, 2012, the Veteran was rated at 20 percent for thoracolumbar spine ankylosing spondylitis effective September 30, 2009, and 10 percent for tinnitus effective December 8, 2010. His highest overall combined evaluation for compensation was 30 percent prior to August 27, 2012. Therefore, prior to August 27, 2012, the Veteran did not meet the schedular criteria for entitlement to a TDIU under 38 C.F.R. § 4.16(a). Therefore, in May 2019, the Board referred the Veteran’s claim for entitlement to a TDIU on an extraschedular basis to the Director of Compensation Service under 38 C.F.R. § 4.16(b) and requested consideration of extra-schedular entitlement to a TDIU prior to August 27, 2012 in accordance with 38 C.F.R. § 4.16(b).

In January 2020, the Executive Director of Compensation Service provided an advisory opinion for extraschedular consideration. After giving consideration to all relevant evidence, including but not limited to the Veteran’s education, training, and work history, the Director of Compensation Service determined that the overall evidence failed to support the contention that any of the Veteran’s service connected disabilities or a combination of the effects of those disabilities prevented gainful employment prior to August 27, 2012. 

In a February 2020 statement, the Veteran’s representative argued that the Board should not rely on the opinion provided by the Director of Compensation Services, because the Director did not provide any relevant discussion of the Veteran’s educational, medical, or vocational history. The representative further argued that the record supports the Veteran’s claim of entitlement to TDIU prior to August 27, 2012. The Veteran retired from the United States Postal Service in 1998 and then operated his residential and commercial painting business from 1999 to 2009. The Veteran had not worked in a gainful capacity since 2009 and the October 2017 private vocational assessment provided an opinion which stated that “it [was] at least as likely as not, the Veteran [had] been unable to secure and follow substantially gainful employment due to his service connected back condition alone since his condition became severe in 1998 and continuing.” 

Based on the conclusions reached in the October 2017 private vocational assessment report and the lack of rationale included in the January 2020 advisory opinion from the Director of Compensation Service, in April 2020, the Board found that an addendum VA retrospective medical opinion was necessary to clarify the effects of the Veteran’s service connected disabilities on his ability to obtain and maintain substantially gainful employment from September 30, 2009, to August 27, 2012. 

Subsequently, in May 2020, an addendum opinion was obtained. After writing a thorough review of the Veteran’s medical, military, and occupational history, the clinician noted that the Veteran had multiple other medical conditions, other than his service connected conditions, that impacted his employability and that these other medical conditions were evaluated as being the main cause of his functionality in regards to employment prior to August 27, 2012. The service-connected conditions were consistent with a chronic progressive condition. The examiner noted that in regard to the Veteran’s tinnitus, during the time period specified of September 30, 2009, to August 27, 2012, his tinnitus was not of a severity to affect his employability. Specifically, the Veteran did not seek any treatment for tinnitus, and it did not affect his ability to communicate with others or distract him from tasks. Therefore, the clinician opined that the veteran was without limits due to employability of his tinnitus. 

Regarding the Veteran’s service connected spine disability, activity improved symptoms and his overall condition had not progressed before, during and after 2009-2012. Considering the activities that the Veteran participated in such as clearing wood out his yard, assisting his sister install new countertops, and bowling, the results of his exams and medical provider notes, history of employment, the Veteran was capable of continuing activities of light to moderate physical activity consistent with being a painter. Additionally, the examiner stated that the Veteran would be “fully capable of continuing to manage employees and to run a contractor business.” The examiner also noted that the Veteran’s physical limits would be isolated, severe, non-prolonged physical labor with up to 100 pound lifting and no continued repetitive bending or twisting with being able to reposition as needed and change activity. The examiner stated that these restrictions fit well with the Veteran’s traditional employment at the time of a painter. Therefore, the examiner concluded that the Veteran was not unemployable due to the service connected condition of tinnitus and ankylosing spondylitis during the period specified of September 30, 2009 to August 27, 2012. 

The Board finds that the more recent VA opinion in May 2020 is more convincing that the earlier private opinion that favored the claim. The VA examiner conducted a very thorough of contemporaneous medical records dating from during the period of time in question and provided very detailed rationale and support for the conclusions regarding employability. The Board has carefully considered the Veteran’s statements regarding the effects of his disability on his employability. Although the Veteran experienced difficulty working, the evidence of record does not indicate that he was precluded from obtaining or maintaining substantially gainful employment due to his service connected disabilities from September 30, 2009 to August 27, 2012. As discussed above, the impairment which the Veteran experienced was primarily from non-service connected disabilities. 

The Board also notes that the Social Security Administration allowance of unemployability benefits considered non-service connected disabilities such as disc disease of the cervical spine, bilateral carpal tunnel syndrome and arthritis of the thumbs, hands and shoulders. Non-service connected disabilities may not be considered by the Board in determining entitlement to a TDIU.

Therefore, the record does not support a finding that the Veteran was unable to secure or follow substantially gainful employment prior to August 27, 2012. Nor does the evidence show that the Veteran’s disability presented unique challenges that could not be contemplated. Therefore, entitlement to TDIU on an extra-schedular basis is denied.

2. Entitlement to an earlier effective date for the grant of eligibility to Dependents' Educational Assistance under 38 U.S.C. Chapter 35

Eligibility to Dependents’ Educational Assistance is derived from a veteran who was discharged under other than dishonorable conditions; and, has a permanent and total service connected disability; or a permanent and total disability was in existence at the time of death; or the veteran died as a result of a service connected disability. Also, eligibility exists for a serviceperson who died in service. Finally, eligibility can be derived from a service member who, as a member of the armed forces on active duty, has been listed for more than 90 days as: missing in action; captured in line of duty by a hostile force; or forcibly detained or interned in line of duty by a foreign government or power. Basic eligibility to Dependents’ Education Assistance is granted as the evidence shows the veteran currently has a total service connected disability, permanent in nature. 

In this case, the Veteran received an honorable discharge from the military and awarded a TDIU as of August 27, 2012. However, prior to August 27, 2012, the Veteran did not have a TDIU either on a schedular basis or on an extraschedular basis. Therefore, entitlement to basic eligibility to Dependents’ Education Assistance, prior to August 27, 2012, is not warranted.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107 (b).

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Mountford, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.